STATE OF CONNECTICUT *v.* CARL T. FISHER
(AC 17660)

O'Connell, C. J., and Sullivan and Daly, Js.

Argued January 25—officially released April 20, 1999

*William M. Bloss*, with whom, on the brief, was *Phillip A. Escoriaza*, for the appellant (defendant).

*Christopher T. Godialis*, assistant state's attorney, with whom, on the brief, were *Walter D. Flanagan*, state's attorney, and *Warren Murray*, assistant state's attorney, for the appellee (state).

### Opinion

O'CONNELL, C. J. The defendant, Carl T. Fisher, appeals from the judgment of conviction, rendered after a jury trial, of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2) and risk of injury to a child in violation of General Statutes § 53-21 (2). The defendant claims that the trial court improperly (1) denied the defendant's motion to preclude admission of prior misconduct evidence and (2) burdened the defendant's right to testify by excluding the prior misconduct evidence on the condition that the defendant withdraw his notice of intention to present an alibi defense. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. The eleven year old victim, her parents and her thirteen year old sister were attending a wedding in

Redding. During their visit, they stayed at the home of the twenty-six year old defendant and his mother, both of whom were also invited to the wedding. At the wedding reception, the defendant became intoxicated and continued to consume alcohol after he returned home. The victim and her family also returned to the defendant's home after the reception. The victim and her sister slept in a bedroom on the second floor of the house. Their parents slept in another bedroom on the second floor. At approximately 2:45 a.m., the victim was awakened by the defendant, who had his hands in her underpants. The defendant was naked, lying in bed next to the victim and was moving one of his fingers in and out of her vagina. When the victim tried to roll over to wake her sister, who was sleeping in the bed next to her, the defendant picked up his clothes, said thank you and left the room.

The victim and her family immediately left the defendant's home and went to the Redding police station where they filed a complaint. The victim was subsequently examined by an emergency room physician, who found two areas of redness and a scratch in the victim's vaginal area. The physician concluded that the injuries were caused by trauma and were not self-inflicted. The defendant was arrested and charged with one count of sexual assault in the first degree and one count of risk of injury to a child.

Prior to trial, the defendant filed a notice of his intention to claim an alibi defense. At trial, the defendant filed a motion in limine to prevent the state from presenting evidence of a prior similar act that occurred in 1989, when the defendant was in college. The eighteen year old victim in the 1989 incident was a student at the same school. During the state's offer of proof, she testified that she was asleep in her dormitory room when she was awakened by the defendant, who was kneeling on her bed, touching her in the vaginal area through

her clothes and attempting to put his hand under her clothes. The defendant's shorts were pulled down from his waist. When the victim told him to get out, the defendant left the room and ran down the hall.

After the state's offer of proof, the trial court ruled that the prior misconduct evidence was admissible and denied the motion in limine. The court determined that the evidence was relevant to disprove the defendant's alibi defense. The defendant's counsel then commented that, although the defendant had filed a notice of alibi, the defendant was not required to pursue that defense. In response, the trial court agreed and noted that, if the defendant were to withdraw the defense, it would reconsider its ruling. After a short recess, the defendant's counsel informed the court that "based on the issues that are raised, the defendant expects to withdraw any notice of defense of alibi." The trial court then ruled that the evidence was inadmissible.

The defendant claims that the trial court improperly ruled initially that the prior misconduct evidence was admissible. He argues that the trial court failed to perform the requisite balancing test of weighing the probative value of the evidence against its prejudicial impact. He further claims that the trial court's initial ruling impermissibly burdened his right to testify because it forced him to withdraw his defense. We now address the defendant's constitutional claim because it is dispositive of both claims.

Although the defendant did not raise the constitutional issue at trial, he claims that it is reviewable under the doctrine set out in *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[1] We will review the claim

---

[1] In *Golding*, our Supreme Court held that "a defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists

because the record is adequate for review and the defendant alleges a violation of his constitutional right to testify. See *State* v. *Shinn*, 47 Conn. App. 401, 408–409, 704 A.2d 816 (1997), cert. denied, 244 Conn. 913, 914, 713 A.2d 832, 833 (1998). The defendant's claim fails, however, because the alleged constitutional violation did not clearly exist and did not clearly deprive the defendant of a fair trial.[2]

The defendant argues that the trial court's initial ruling allowing the admission of the prior misconduct evidence impeded his right to testify because it forced him to choose either to withdraw his alibi defense or to face the admission of the prior misconduct evidence. Although the defendant was faced with a difficult choice, his decision not to testify was a tactical decision to preclude the admission of evidence that he had committed a similar act in 1989. "It is not thought overly harsh in such situations to require that the determination whether to waive [the right to testify] take into account the matters which may be brought out on cross-examination. . . . Again, it is not thought inconsistent with the enlightened administration of criminal justice

and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." *State* v. *Golding*, supra, 213 Conn. 239–40. "The first two questions relate to whether a defendant's claim is reviewable, and the last two relate to the substance of the actual review." (Internal quotation marks omitted.) *State* v. *Shinn*, 47 Conn. App. 401, 409, 704 A.2d 816 (1997), cert. denied, 244 Conn. 913, 914, 713 A.2d 832, 833 (1998).

[2] The defendant argues that the holding of *State* v. *Harrell*, 199 Conn. 255, 265–66, 506 A.2d 1041 (1986), does not apply to his claim. In *Harrell*, our Supreme Court adopted the holding of *Luce* v. *United States*, 469 U.S. 38, 43, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984), that "to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify." (Internal quotation marks omitted.) *State* v. *Harrell*, supra, 265–66. The defendant contends that he did not need to testify to preserve his claim because the present case is distinguishable from *Harrell* and *Luce*. We do not address this claim, however, because we grant review under *Golding*. See *State* v. *Golding*, supra, 213 Conn. 239–40.

to require the defendant to weigh such pros and cons in deciding whether to testify. . . . A defendant may decide not to take the witness stand because of the risk of cross-examination. But this is a choice of litigation tactics." (Citation omitted; internal quotation marks omitted.) *State* v. *Harrell*, 199 Conn. 255, 264, 506 A.2d 1041 (1986).

After hearing the state's offer of proof on the prior misconduct evidence and the trial court's ruling, the defendant and his attorney made a tactical decision to withdraw the alibi defense to prevent the admission of evidence that could have weighed heavily in the jurors' minds, despite limiting instructions by the court on its purpose. The defendant cannot now complain that he was deprived of his constitutional rights because his trial tactic failed. We conclude that the defendant was not clearly deprived of his constitutional right to testify or to a fair trial.[3]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] We need not address the defendant's claim that the trial court improperly ruled initially that the evidence was admissible because the court ultimately ruled that the evidence was inadmissible. Furthermore, we find in the foregoing discussion that the trial court's ultimate ruling granting the motion in limine after the defendant had withdrawn his defense was also not an improper decision.